IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FORREST LLOYD, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-27 |
| | § | |
| MICHAEL EUGENE GALLAGHER, | § | |
| RHONDA LYNN GALLAGHER, | § | |
| INTERNAL REVENUE SERVICE, | § | |
| TEXAS WORKFORCE COMMISSION, and | § | |
| FDB POOLS, INC. d/b/a | § | |
| AMARILLO CUSTOM POOLS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT MOTIONS FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT
AGAINST THE TEXAS WORKFORCE COMMISSION**

Before the Court are the following motions filed by defendant INTERNAL REVENUE SERVICE [defendant USA][1] on April 16, 2018:

1. *United States' Motion for Summary Judgment Against Forrest Lloyd as Trustee, Michael Eugene Gallagher, Rhonda Lynn Gallagher, and FDB Pools, Inc. d/b/a Amarillo Custom Pools* [ECF 20]; and

2. *United States' Motion for Default Judgment Against the Texas Workforce Commission* [ECF 20].

For the following reasons, defendant USA's motions should be GRANTED.

---

[1] The United States filed an answer March 9, 2017 advising that the United States, not the Internal Revenue Service, is the proper party defendant to this litigation. [ECF 9]. The United States has not been substituted for defendant INTERNAL REVENUE SERVICE on the Court's docket.

I.
STATEMENT OF THE CASE

On December 6, 2016, plaintiff FORREST LLOYD sold, pursuant to a Trustee's Sale, certain property owned by defendants MICHAEL EUGENE GALLAGHER and RHONDA LYNN GALLAGHER [defendants GALLAGHERS] to satisfy a Deed of Trust held by Wellington State Bank. After applying the proceeds of the sale in accordance with the Deed of Trust, a surplus of $120,802.81 remained. Plaintiff identified three (3) creditors with potential claims to the surplus proceeds: defendant USA, defendant TEXAS WORKFORCE COMMISSION [defendant TWC], and defendant FDB POOLS, INC. d/b/a Amarillo Custom Pools [defendant POOLS]. On January 12, 2017, plaintiff initiated an interpleader action in the 31st Judicial District Court in Wheeler County, Texas, seeking a determination as to which of the above creditors is entitled to the excess sale proceeds and asserting entitlement to recovery of attorney fees and costs. On February 13, 2017, the state case was removed to this Court.

On March 9, 2017, defendant USA filed an answer in this case requesting the Court find the United States is entitled to the surplus funds, and that the Court deny plaintiff's claim for attorney's fees, the only answer filed by any of the defendants. On March 26, 2018, plaintiff signed a stipulation withdrawing his request for attorney's fees. [ECF 21-1 at 35-38]. On March 28, 2017, defendant USA notified the Court that defendants GALLAGHERS had filed a Chapter 7 bankruptcy proceeding on March 20, 2017. Consequently, this case was stayed and subsequently administratively closed. On March 28, 2018, defendant USA notified this Court that the bankruptcy court had lifted the stay and requested this Court reopen the instant case to determine which creditor is entitled to the surplus funds from the sale. On April 2, 2018, this case was reopened and, on April 13, 2008, plaintiff deposited the surplus funds into the registry of the Court.

On April 16, 2018, defendant USA filed the instant motion for summary judgment against

plaintiff and the other defendants, and the instant motion for default judgment against defendant TWC. No timely responses opposing the motions have been filed by any of the parties. On April 17, 2018, this case was referred to the undersigned for pretrial management.

II.
STANDARDS AND AUTHORITY

Federal Rule of Civil Procedure 55 provides that default may be entered if a defendant has "failed to plead or otherwise defend" the suit. Fed. R. Civ. P. 55(a). Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). In accord with that policy, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). As further noted by defendant USA in its motion:

> "A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of the damages." *Regions Bank v. Am. Int'l*, 2012 U.S. Dist. LEXIS 146433, *7 (N.D. Texas Oct. 11, 2012) (citations omitted). "If the amount of judgment can be reliably computed from the record, and a party is otherwise entitled to default judgment, a default judgment can be entered without a hearing." *Id*. (citations omitted).

In its motion, defendant USA has set forth the following standard for granting summary judgment:

> "Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Alcan Alum. Corp. v. BASF Corp.*, 133 F. Supp.2d 482, 489 (N.D. Texas Jan. 30, 2001) (citations omitted).

[ECF 20 at 5]. Further, defendant USA has set forth relevant authority to be applied by the Court in

determining lien priority:

> "Federal law determines the relative priority of a federal tax lien." *United States v. Betancourt*, 257 Fed. Appx. 785, **5 (5th Cir. 2007) (citing *United States v. Equitable Life Assurance Soc'y of the U.S.*, 384 U.S. 323, 328 (1966)) (additional citations omitted). Specifically, the Federal Tax Lien Act of 1966, 26 U.S.C. Sections 6321-6326, sets forth the rights of private creditors with respect to a federal tax lien.
>
> "The Federal Tax Lien Act of 1966, 26 U.S.C. §§ 6321-6326, sets forth the rights of private creditors with respect to a Federal Tax Lien. Under 26 U.S.C. § 6321 and § 6322, a federal tax lien arises upon the date that the IRS *assesses* unpaid taxes and it applies until the debt is fully satisfied. *Texas Commerce Bank-Fort Worth, N.A. v. United States,* 896 F.2d 152, 161 (5th Cir. 1990). Under 26 U.S.C. § 6321, federal tax liens are effective against all property and rights to property, whether real or personal, including after-acquired property belonging to the taxpayer. *Id*. The federal tax lien continues against the delinquent taxpayer's property and rights to property until the tax liability is satisfied. 26 U.S.C. § 6322. If the tax debt remains unpaid, the United States is entitled to bring suit under 26 U.S.C. § 7403 to enforce its statutory lien or the IRS may attempt to collect the debt by administrative levy under 26 U.S.C. § 6331. A federal tax lien attaches immediately upon assessment. 26 U.S.C. Section 6322. When a Notice of Federal Tax Lien has been duly filed, the lien becomes immediately enforceable against all property, rights to property and after-acquired property of the taxpayer without any further action required by the United States. *See City of New Britain, Conn., supra.* For purposes of determining priority between a federal tax lien and a competing lien, "absent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.'" *United States v. McDermott*, 507 U.S. 447, 449 (1993); *City of New Britain, Conn.*, 347 U.S. at 85.

[ECF 20 at 6]. Defendant USA accurately notes that in this case, lien priority "is straightforward and can be determined by comparing the filing dates of the liens filed by each of the creditors." [ECF 20 at 7].

### III.
### FINDINGS AND CONCLUSIONS

Applying the applicable standards and authorities, the undersigned makes the following findings of fact and conclusions of law:

1.   Defendant TWC was served in this case on January 13, 2017. [ECF 2-4].

2.   Defendant TWC did not file an answer in the Wheeler County District Court or in this Court after the case was removed.

3. On March 28, 2018, the United States District Clerk entered default against defendant TWC in response to defendant USA's motion. [ECF 15]. Defendant TWC did not object to or otherwise respond to the Clerk's entry of default.

4. Defendant USA is entitled to a default judgment against defendant TWC.

5. On October 14, 2014, defendant USA filed a federal tax lien against defendants GALLAGHERS for outstanding joint federal income tax liabilities in the amount of $1,840,377.84.

6. On October 29, 2014, defendant POOLS filed a mechanic or materialman's lien against defendants GALLAGHERS in the amount of $101,620.15.

7. On August 17, 2015, defendant TWC filed a state tax lien against defendants GALLAGHERS for outstanding state tax liabilities in the amount of $1,336.20.

8. Of the three (3) creditors plaintiff identifies, defendant USA was the first to file its lien.

9. Defendants GALLEGHERS stipulate their interest in the surplus proceeds is junior to the interests of defendant USA. [ECF 21-1 at 5-7].

10. Defendant POOLS stipulates that its October 29, 2014 lien "has been fully released, and stipulates that it has no right, title, interest, or claim in and to the proceeds of the Trustee's sale of real property owned" by defendant GALLAGHERS. [ECF 21-1 at 8-9].

11. Defendant USA, as the senior lienholder, has first right to the $120,802.81 in surplus funds.

12. The surplus funds should be first applied to the outstanding debt to which the lien of defendant USA is attached.

13. As the debt is greater that interpleaded surplus funds, defendant USA is entitled to the entirety of the funds.

14. There is no genuine issue as to any material fact and defendant USA is entitled to judgment as a matter of law.

15. Defendant USA is entitled to summary judgment against plaintiff, defendants GALLAGHER, and defendant POOLS.

16. Plaintiff stipulated he is not entitled to attorney's fees and withdrew his request for attorney's fees. Plaintiff is not entitled to an award of attorney's fees.

Therefore, for the reasons set forth by defendant USA in its motions and as supported by its attachments, and for the reasons set out above, it is the opinion of the undersigned United States Magistrate Judge that the motion for summary judgment filed by defendant USA against plaintiff and all other co-defendants should be granted, and the motion for default judgment against defendant TWC filed by defendant USA should be granted.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *United States' Motion for Summary Judgment Against Forrest Lloyd as Trustee, Michael Eugene Gallagher, Rhonda Lynn Gallagher, and FDB Pools, Inc. dba Amarillo Custom Pools* filed April 16, 2018 be GRANTED, and the *United States' Motion for Default Judgment Against the Texas Workforce Commission* filed April 16, 2018 be GRANTED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 22, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the

signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

CIVIL\LLOYD-17-27\FCR-MSJ-DFLT-GRT.docx:2